FILED

November 29, 2017

TN COURT OF
WORKERS' COMPENSATION
CLAIMS

Time 12:59 PM



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT MURFREESBORO

| | | |
|---|---|---|
| VIK MOORE, | ) | **Docket No.: 2017-05-0890** |
| Employee, | ) | |
| v. | ) | |
| CONDUENT, | ) | **State File No.: 61503-2017** |
| Employer, | ) | |
| And | ) | |
| INDEMNITY INS. CO. OF N.A., | ) | **Judge Dale Tipps** |
| Insurance Carrier. | ) | |
| | ) | |

## EXPEDITED HEARING ORDER DENYING REQUESTED BENEFITS

This matter came before the Court on November 16, 2017, for an Expedited Hearing. The present focus of this case is whether Mr. Moore is entitled to additional medical treatment[1] and temporary disability benefits for his alleged bilateral epicondylitis. The central legal issue is whether Mr. Moore is likely to establish at a hearing on the merits that his injury arose primarily out of and in the course and scope of his employment. For the reasons set forth below, the Court holds Mr. Moore failed to meet this burden and is not entitled to medical or temporary disability benefits at this time.

### History of Claim

Mr. Moore began working at a call center for Conduent in May 2017. Soon after beginning the job, which involved a significant amount of keyboarding, he began having pain in his arms. On August 14, he reported these problems to his supervisor, who suggested he get a medical evaluation on his own. Mr. Moore went to his personal chiropractor, Jim Sweeney, DC, for one visit, which Conduent did not approve. Instead, Conduent provided a panel of physicians, from which Mr. Moore selected Dr. Jason Haslam.

---

[1] Mr. Moore stated during the hearing that Conduent paid all medical expenses incurred to date.

Because Dr. Haslam had no immediate appointments, Conduent authorized an interim visit to Concentra Medical Center on August 21. Mr. Moore saw Dr. Frank Thomas, who noted bilateral arm pain and assessed elbow tendonitis. Dr. Thomas provided elbow supports and recommended hot and cold compresses.

The next day, Mr. Moore went to Dr. Haslam's office and saw nurse practitioner Stephen Johnson. Mr. Moore reported a three-month history of elbow pain, which he related to keyboard use at work. NP Johnson assessed bilateral epicondylitis, recommended a six-week course of physical therapy, and suggested Mr. Moore follow up with Dr. Haslam in three weeks. He returned Mr. Moore to work with a five-pound lifting restriction.

Mr. Moore was dissatisfied with Dr. Haslam's office, so Conduent allowed him to select another doctor from the panel. He saw Dr. Philip Coogan on August 28. Dr. Coogan examined Mr. Moore and assessed probable lateral epicondylitis. He stated, "I cannot say with a reasonable degree of medical certainty that these problems are more than 50% caused by his occupation. In light of this, I think that his management is most appropriately pursued outside of the Workers' Compensation system." He suggested therapy and returned Mr. Moore to regular duty.

Mr. Moore testified that he was unable to return to his job at Conduent, even though it attempted to make some ergonomic improvements to his work station. Conduent later terminated his employment, along with other Conduent employees at the Nashville location, in a layoff in September. Mr. Moore worked a second job as an Uber driver both before and after his elbow injury, and he continues to do so.

### Findings of Fact and Conclusions of Law

Because this case is in a posture of an Expedited Hearing, Mr. Moore need not prove every element of his claim by a preponderance of the evidence in order to obtain relief. Instead, he must come forward with sufficient evidence from which this Court might determine he is likely to prevail at a hearing on the merits. *See* Tenn. Code Ann. § 50-6-239(d)(1) (2016); *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015).

*Compensability*

To prove a compensable injury, Mr. Moore must show that his alleged bilateral elbow injury arose primarily out of and in the course and scope of his employment. To do so, he must show his injury arose primarily out of a work-related incident, or specific set of incidents, identifiable by time and place of occurrence. Further, he must show, "to a reasonable degree of medical certainty that it contributed more than fifty percent (50%) in causing the . . . disablement or need for medical treatment, considering all causes."

2

"Shown to a reasonable degree of medical certainty" means that, "in the opinion of the treating physician, it is more likely than not considering all causes as opposed to speculation or possibility." *See* Tenn. Code Ann. § 50-6-102(14).

Applying these principles, the Court cannot find at this time that Mr. Moore is likely to meet his burden of proof. The only medical opinion before the Court is Dr. Coogan's, who could not say that Mr. Moore's problems were more than 50% caused by his occupation.[2] While the Court finds Mr. Moore sincere in his belief that his work activities caused his condition, the Court must abide by the causation requirements of the statute and cannot infer from the mere existence of an injury that the injury arose primarily out of Mr. Moore's employment.

Even if Mr. Moore established causation, he failed to prove entitlement to temporary disability benefits. An injured worker is eligible for temporary total disability (TTD) benefits if: (1) the worker became disabled from working due to a compensable injury; (2) there is a causal connection between the injury and the inability to work; and (3) the worker established the duration of the period of disability. *Jones v. Crencor Leasing and Sales*, TN Wrk. Comp. App. Bd. LEXIS 48, at *7 (Dec. 11, 2015). Temporary partial disability (TPD) benefits are a category of vocational disability distinct from temporary total disability and are available when the temporary disability is not total. *See* Tenn. Code Ann. § 50-6-207(2).

Mr. Moore submitted no medical records stating that any of his physicians took him off work. In addition, he admitted he worked for another employer throughout the relevant time period. Without evidence that he was totally disabled from working, Mr. Moore cannot prove he would likely succeed on a claim for TTD benefits at a hearing on the merits.

Regarding TPD benefits, although both NP Johnson and Dr. Thomas imposed temporary restrictions, Mr. Moore presented no evidence that Conduent would not or could not return him to work in his restricted condition. Further, Dr. Coogan, the authorized treating physician, returned Mr. Moore to work with no restrictions within seven days of his first authorized medical treatment with NP Johnson. Tennessee Code Annotated section § 50-6-205(a) provides: "No compensation shall be allowed for the first seven (7) days of disability resulting from the injury, excluding the day of injury . . . but if disability extends beyond that period, compensation shall commence with the

---

[2] In addition to the medical records, Mr. Moore offered recordings of his conversations with Dr. Coogan and Dr. Sweeney. The Court admitted these recordings over Conduent's objections but reserved ruling on whether the medical opinions contained in them are inadmissible hearsay that are not subject to any of the standard exceptions such as a signed medical record or C-31 Form. To the extent these statements were made, the Court sustains Conduent's objections. However, the Court notes that neither speaker offered any medical opinion on causation, although both doctors offered some questionable and irrelevant opinions as to the provisions of Tennessee law.

3

eighth day after the injury." Thus, the Court finds Mr. Moore is unlikely to prove entitlement to TPD benefits at this time.

**IT IS, THEREFORE, ORDERED** as follows:

1. Mr. Moore's claim against Conduent and its workers' compensation carrier for the requested temporary disability benefits is denied.

2. This matter is set for a Scheduling Hearing on January 10, 2018, at 9:30 a.m. You must call 615-741-2112 or toll-free at 855-874-0473 to participate. Failure to call may result in a determination of the issues without your further participation. All conferences are set using Central Time (CT).

   **ENTERED this the 29th day of November, 2017.**

_____

**Judge Dale Tipps**
**Court of Workers' Compensation Claims**


**APPENDIX**

Exhibits:
1. Affidavit of Vik Moore
2. Medical records from Concentra
3. Medical records from The Hand Center
4. Medical records from Tennessee Orthopaedic Alliance
5. Declaration of Mica Younger
6. Notice of Controversy Form
7. Choice of Physician Form
8. Wage Statement
9. First Report of Injury
10. Mileage report
11. Copies of Conduent paystubs
12. August 14, 2017 treatment note of Jim Sweeney, DC (identification only)[3]
13. Dr. Coogan recording

---

3 The Court excluded this note on Conduent's objection that it was unsigned and inadmissible hearsay. Mr. Moore filed a signed copy of the note with the Clerk several days after the hearing. Because the signed document was submitted after the hearing, the Court cannot admit it into evidence.

4

14. Dr. Sweeney recording (played into the record during hearing)

Technical record:
1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Request for Expedited Hearing
4. Employer's Motions in Limine

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Expedited Hearing Order was sent to the following recipients by the following methods of service on this the 29th day of November, 2017.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|------|----------------|---------|-----------|------------------|
| Vik Moore | | | X | Moore.vik@gmail.com |
| Frederick R. Baker, Employer's attorney | | | X | fbaker@wimberlylawson.com |

_____
**Penny Shrum, Clerk of Court**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**